IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2008 SEP 23 PM 12:02

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 3:08-cv-910-J-34 MCR |
| Plaintiff, | |
| v. | COMPLAINT<br>JURY TRIAL DEMAND |
| CHOATE CONSTRUCTION COMPANY, INC., | INJUNCTIVE RELIEF REQUESTED |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female), pregnancy, and retaliation, and to provide appropriate relief to Susanne Herndon-Leonard who was adversely affected by such practices. As stated with greater particularity in the paragraphs below, the Commission alleges that Defendant discriminated against Herndon-Leonard because of her sex (female) and pregnancy when Defendant subjected Herndon-Leonard to a hostile work environment, subjected her to discipline, and terminated her employment. Further, the Commission alleges that Defendant retaliated against Herndon-Leonard because she engaged in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3.   Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.   At all relevant times, Defendant, Choate Construction Company, Inc., has continuously been a Georgia corporation doing business in the State of Florida and has continuously had at least 15 employees.

5.   At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, Herndon-Leonard filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least December 2006, Defendant has engaged in unlawful employment practices in Jacksonville, Florida in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and § 2000e 3(a), as follows:

   a.   Defendant hired Herndon-Leonard on or about November 26, 2006 as an Administrative Assistant at its construction site in Jacksonville, Florida.

2

b. In December 2006 Herndon-Leonard told her supervisor, Superintendent Greg Roberts, that she was pregnant.

c. After Herndon-Leonard disclosed her pregnancy, Defendants' managers subjected Herndon-Leonard to harassment on the basis of sex (female) and pregnancy, which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment.

d. The harassment included, but was not limited to discriminatory and demeaning remarks about Herndon-Leonard's pregnancy such as "I am very disappointed. I hired you because you were not pregnant, because you didn't have any children, and didn't want children." Another manager told Herndon-Leonard she should get married or her child would be a "bastard."

e. Herndon-Leonard complained to Defendant's Human Resources department about pregnancy discrimination.

f. Defendant failed to take prompt measures to stop the harassment and prevent further harassment.

g. After Herndon-Leonard complained about pregnancy discrimination Defendant subjected her to disciplinary action.

h. In January 2007 Defendant terminated Herndon-Leonard's employment.

i. The unlawful harassment was perpetrated by management and culminated in tangible job detriment to Herndon-Leonard including, but not limited to, discipline and termination.

  j. Defendant retaliated against Herndon-Leonard because she engaged in protected activity. The retaliation included, but was not limited to, increased hostility/harassment, discipline and termination.

  k. Defendant terminated Herndon-Leonard because of her sex (female) and pregnancy.

8. The effect of the conduct complained of in paragraph seven (7) above has been to deprive Herndon-Leonard of equal employment opportunities and otherwise adversely affect her status as an employee because of sex (female), pregnancy, and retaliation.

9. The unlawful employment practices complained of in paragraph seven (7) above were intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of Herndon-Leonard.

## PRAYER FOR RELIEF

Wherefore, EEOC requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sex and pregnancy discrimination and any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of sex and pregnancy and which eradicate the effects of its past unlawful employment practices.

D. Order Defendant to make whole Herndon-Leonard by providing backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

E. Order Defendant to make whole Herndon-Leonard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven (7) above, including but not limited to, lost benefits, other out-of-pocket losses, medical expenses, and job search expenses in amounts to be determined at trial.

F. Order Defendant to make whole Herndon-Leonard by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph seven (7) above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant to pay Herndon-Leonard punitive damages for its malicious and reckless conduct described in paragraph seven (7) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2 South Biscayne Boulevard, Suite 2700
Miami, Florida 33131
Tel. (305) 808-1789
Fax (305) 808-1835
nora.curtin@eeoc.gov

MARIA KATE BOEHRINGER
Supervisory Trial Attorney

_____
Carla Von Greiff
Florida Bar No.: 0110566
EEOC Tampa Field Office
501 E. Polk Street
Suite 1000
Tampa, FL 33602
Tel: (813) 202-7903
Fax: (813) 228-2045
carla.vongreiff@eeoc.gov