UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

and

SUSANNE LEONARD f/k/a
SUSANNE HERNDON,

    Intervenor,

vs.                                                      Case No.  3:08-cv-910-J-34MCR

CHOATE CONSTRUCTION COMPANY,
INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff EEOC and Plaintiff Intervenor's ("Plaintiffs") Joint Motion for Protective Order and/or to Quash Defendant's Subpoenas (Doc. 17) filed on January 16, 2009.  Defendant filed its Memorandum in Opposition (Doc. 20) on February 2, 2009.  Accordingly, this matter is ripe for review.

**I.**    **BACKGROUND**

On September 23, 2008, Plaintiff EEOC, filed claims against Defendant for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices.  (Doc. 1).  On November 25, 2008, Susanne Leonard ("Leonard") was permitted to intervene in the case.  (Doc. 10).

Leonard filed an Intervenor's Complaint (Doc. 19) on January 23, 2009 in which she pled her own claims against Defendant for violation of Title VII and the Florida Civil Rights Act of 1992. Leonard alleged unlawful discrimination due to sex/pregnancy, retaliatory harassment, and retaliatory termination. (Doc. 19). On or about January 2, 2009, Defendant served Plaintiffs with a Notice of Issuing Subpoena Duces Tecum, together with subpoenas directed at three of Leonard's prior employers: Pacesetter Personnel Services, Skanska USA Building, Inc., and Brasfield & Gorrie. The subpoenas sought the following documents:

> 1) The complete employment records and personnel file including any and all documents, records, and papers reflecting her application for employment, absences, sick leave, leaves of absences, date hired, date terminated, if applicable, job description, employment history, employee evaluations, work performance reviews, disciplinary actions taken against her or reprimands, grievances or complaints, and correspondence made or received by you or in your possession, pertaining to her employment.
>
> 2) All payroll records, W-2 forms and other documents reflecting all wages, allowances and any other sums paid to her as well as all effective dates of all salary increases or promotions.

The subpoenas also included the following statement:

> This subpoena is not intended to seek physical examination reports, workers' compensation records, medical records, beneficiary designation forms, income tax records, or documents reflecting fringe benefits and employer contributions for benefits and insurance.

Plaintiffs learned of the subpoenas on January 5, 2009, and notified Defendant of their objections to the subpoenas. Defendant agreed to direct its process server to hold off on serving the subpoenas until the resolution of the objections. EEOC also requested Defendant return, unopened, any documents received as a result of the subpoenas, in the event the process server mistakenly proceeded with service. In an

effort to resolve the objections, on January 15, 2009, counsel for all parties participated in a telephone conference. However, the parties have been unable to resolve the issues raised in the instant Motion.

**II.     ANALYSIS**

    **A.     Standing**

Plaintiffs have filed the instant Motion pursuant to Federal Rules of Civil Procedure 26 and 45. Rule 45(c)(3)(iii) of the Federal Rules of Civil Procedure provides for quashing or modification of a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45. Therefore, under Rule 45, a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege in the documents being sought. See State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc., No. 90-875-CIV-J-10, 1993 WL 388645, at *2 (M.D. Fla. Mar. 4, 1993) ("Generally, it is the person to whom a subpoena is directed who has standing to seek a motion to quash."). When, however, a party alleges a "personal right or privilege," courts may confer standing on a party. See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Here, Plaintiffs assert they have standing to challenge the subpoenas at issue because Leonard has a "personal right and privilege" in her employment and medical records. (Doc. 17, p. 4). Defendant alleges Plaintiffs lack standing to bring the instant Motion because they have failed to establish a "personal right or privilege" in the documents sought. (Doc. 20, p. 7). In this case, however, the Court need not

determine whether Plaintiff Leonard has a personal right or privilege in the documents sought, or whether Plaintiffs have standing under Rule 45, because Plaintiffs have also asserted Rule 26 as a basis for the instant Motion. Under Rule 26 of the Federal Rules of Civil Procedure, "[a] party . . . may move for a protective order . . . ." Rule 26, Fed. R. Civ. P. Accordingly, under Rule 26, as parties to this action, both Plaintiff Leonard and the EEOC have standing to seek a protective order. As such, the Court will analyze the remaining arguments pursuant to Rule 26.

### B. Relevance

Rule 26(b)(1) provides that "[f]or good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. However, Rule 26(c) also provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." Fed. R. Civ. P. 26(c). As such, Defendant, the party seeking discovery in this case, has the burden to show the relevance of the information sought. On the other hand, Plaintiffs, the parties seeking the protective order, must demonstrate good cause to shield that information from exposure.

In this case, Plaintiffs make several substantive arguments as to why a protective order should be entered. In general, Plaintiffs' arguments involve a concern that the documents sought are not relevant to the issues in this case, are overly broad and are not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 17, pp.

5-6). Defendants argue the documents they seek are directly relevant to Plaintiffs' claims in this case. (Doc. 20, p.5). Therefore, the Court must first determine whether the documents sought by Defendant are relevant to the issues in this case. Second, in determining whether good cause exists to issue a protective order, the Court must also balance Defendant's interest in obtaining Leonard's personnel files against Plaintiffs' interests in keeping the files confidential. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); See also Maxwell v. Health Center of Lake City, Inc., No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006) (explaining federal courts have created a balancing of interests approach to determining whether good cause exists).

      **i.    After-acquired Evidence**

Defendant contends documents contained in Leonard's personnel files are relevant to its after-acquired defense. (Doc. 20, p. 11). Defendant argues that because it has significant reason to believe Leonard lied about her reasons for leaving Pacesetter Personnel Services ("Pacesetter"), the subpoenas seeking substantiating evidence are proper. (Doc. 20, p. 12). Plaintiff argues Defendant's speculation that Leonard misrepresented her reasons for leaving Pacesetter does not justify Defendant's attempt to subpoena the bulk of employment records from Pacesetter. (Doc. 17, pp. 7-8). Further, Plaintiff argues Leonard's alleged falsification does not provide a basis for Defendant's subpoenas to Leonard's other prior employers. Id.

The after-acquired evidence doctrine allows employers to limit an employee's remedies based on evidence uncovered during discovery. McKennon v. Nashville

Banner Publishing, 513 U.S. 352, 115 S.Ct. 879 (1995).  However, the after-acquired evidence doctrine should not be used as "an independent basis to initiate discovery." Premer v. Corestaff Services, L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005).  In other words, Defendant must establish "some pre-existing basis to believe after-acquired evidence exists before embarking on additional discovery."  Maxwell, 2006 WL 1627020, at *5.

In the instant motion, Defendant alleges Leonard certified on her Choate employment application that she was laid off from Pacesetter in October 2006 because its Jacksonville office closed.  (Doc. 20, p. 12).  Defendant further alleges it has learned that the same Pacesetter office was continuously operating until November 2008, two years after Leonard submitted her employment application to Choate.  Id.  The Court finds Defendant has shown a pre-existing basis which justifies its search for additional evidence.  However, to the extent Defendant seeks Leonard's "complete employment record and personnel file" from Pacesetter and from Leonard's other employers, the subpoenas are overly broad and irrelevant.  In terms of an after-acquired evidence defense, Defendant need only request information about the reasons Leonard left Pacesetter.  Also, based on Defendant's alleged basis for seeking additional evidence, a request regarding the reasons for Leonard's termination is only relevant to Pacesetter.

### ii. Credibility

Defendant argues the subpoenaed documents are relevant to challenging Leonard's credibility.  (Doc. 20, p. 12). While Plaintiffs claim Leonard was terminated because of her pregnancy and her complaints of discrimination, Defendant denies any

wrongdoing and contends Leonard left after she was disciplined because of her pattern of tardiness.  Id.  As such, Defendant contends Leonard's employment history, employee evaluations, work performance reviews, and disciplinary actions taken against Leonard in the course of her prior employment, to the extent that such records may reflect a similar pattern of tardiness, would tend to support Defendant's alleged non-discriminatory reason for disciplining Leonard.  (Doc. 20, p. 13).  Furthermore, Defendant claims subpoenaed documents are relevant because they may show Leonard has a habit of claiming discrimination or retaliation whenever she is disciplined on a job.  (Doc. 20, p. 13).  Plaintiffs argue Defendant has no reasonable basis for seeking out independent corroboration of assertions Leonard may make in this case.  Plaintiffs contend no reasonable basis exists because Defendant has not deposed Leonard and has not yet received Leonard's discovery responses.  (Doc. 17, p. 8).  The Court agrees that if Defendant has not yet deposed Leonard or received her discovery responses, there is no basis upon which to challenge Leonard's credibility.  The Court further finds Defendant has not met its burden of showing how the documents sought are relevant to its alleged defense.  Accordingly, the Court will not allow Defendant to subpoena documents reflecting employment evaluations, work performance reviews, and disciplinary actions from Leonard's prior employers.

### iii. Mitigation of Damages

Next, Defendant argues evidence of Leonard's prior job descriptions, employment history, payroll records, and W-2 forms is relevant in determining whether Leonard appropriately mitigated her damages by seeking suitable employment after

leaving Choate. (Doc. 20, p. 14). Plaintiffs contend only Leonard's subsequent earnings are relevant to the mitigation of damages. (Doc. 17, p. 9). In Maxwell, this Court held that prior wage history was not relevant to the issue of damages. Maxwell, 2006 WL 1627020, at *3. Similarly, in this case, the Court finds Leonard's payroll records and W-2 forms from former employers are irrelevant to Leonard's subsequent mitigation of damages. With respect to Leonard's job descriptions, the Court finds such information is potentially relevant to Leonard's wage-earning capacity. Accordingly, documents reflecting Leonard's prior job descriptions and any related on the job training are discoverable.

### iv. Emotional Distress Claims

Defendant contends Leonard's prior employment history, employee evaluations, work performance reviews, and the disciplinary actions taken against her are relevant to Leonard's claims for medical expenses, emotional pain and suffering, loss of enjoyment of life, and humiliation. (Doc. 20, p. 15). Specifically, Defendant argues such personnel documents are relevant to whether there were any pre-existing stressors that contributed to Leonard's alleged mental state. Id. Defendant points out that in Autozone, Inc., this Court found the intervenor's personnel records from her current employer were relevant to her claim for continuing emotional distress. EEOC v. Autozone, Inc., Case No. 3:06-cv-862-J-32MCR (M.D. Fla. Dec. 18, 2007). Defendant contends the rationale that personnel records are relevant to claims for emotional distress equally applies where records are sought from prior employers. (Doc. 20, pp. 15-16). In the Intervenor Complaint, Leonard alleged she "has suffered and continues

to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life" as a result of Defendant's conduct.  (Doc. 14, p. 6).  As such, Plaintiff Leonard's emotional/mental state has been placed at issue in this case.  However, the Court does not find the documents sought from Leonard's prior employers are relevant to her claims of emotional distress.  In Autozone, this Court found the personnel records of the intervenor's current employer were relevant because she claimed her emotional distress was continuing.  In the instant case, Defendant seeks personnel records from Leonard's prior employers where Leonard claims her emotional distress was caused by Defendant.  The Court finds Defendant has not met its burden of showing how the documents sought from Leonard's prior employers are relevant to Leonard's claims of emotional distress.

### C. Conclusion

The Court finds that to the extent that Defendant's subpoenas seek "[t]he complete employment records and personnel file" from three of Leonard's prior employers, they are overly broad.  However, as detailed above, some of the information in Leonard's personnel files may be relevant to the issues in this case.  Accordingly, Defendant may serve modified subpoenas on Pacesetter Personnel Services, Skanska USA Building, Inc., and Brasfield & Gorrie in accordance with the foregoing.  Accordingly, after due consideration, it is hereby

**ORDERED:**

1. Plaintiff/Intervenor's Motion to Quash and/or Motion for Protective Order (Doc. 17) is **GRANTED in part** and **DENIED in part.**

2.  Defendant shall redraft subpoenas to eliminate requests for Leonard's payroll records, W-2 forms and other documents reflecting her wage history.  Defendant's subpoenas should also be limited to requests for documents reflecting Leonard's job descriptions and on the job training.

3.  Defendant may include a specific request about the reasons for Leonard's termination in the subpoena directed to Pacesetter only.

4.  The parties are instructed, prior to viewing any information provided by Pacesetter, Skanska USA Building Inc., and Bransfield & Gorrie, to confer in good faith in an effort to agree upon a confidentiality order to protect Leonard's personal records from being distributed to persons outside this litigation.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 23rd day of February, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record